UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIVA STEIN,

    Plaintiff,

v.

DTE ENERGY COMPANY,

    Defendant.

CIVIL ACTION NO. _____

---

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant DTE Energy Company ("DTE"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 4 in the 2018 Proxy Statement for the annual meeting of DTE shareholders scheduled for May 3, 2018 ("Proposal 4"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 4 requests that the shareholders approve the amended and restated Long-Term Incentive Plan (the "Plan"), which proposes to allow DTE to increase the aggregate number of shares of common stock that may be issued or acquire and delivered under the Plan by

2,000,000 to 16,500,000. But it is unclear how many participants are in the plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

8. Plaintiff is, and has been continuously since June 2014, a holder of DTE common stock.

2

9. DTE is a corporation organized under the laws of the State of Michigan with headquarters located at One Energy Plaza, Detroit, Michigan 48226. The Company's last fiscal year ended December 30, 2017. As of January 31, 2018, it had 179,385,962 shares of common stock outstanding. DTE's common stock is traded on the New York Stock Exchange under the symbol DTE. DTE is an energy company whose segments include Electric, Gas, Gas Storage and Pipelines, Power and Industrial Projects, Energy Trading, and Corporate and Other.

## WRONGFUL ACTS AND OMISSIONS

10. DTE has scheduled the annual shareholders' meeting for May 3, 2018. On March 9, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for four management proposals, two shareholder proposals, and to transact other business that may properly come before the annual meeting.

11. Proposal 4 requests that the shareholders approve the Plan, which DTE will be able to use to grant non-qualified stock options, stock appreciation rights, restricted stock, restricted share units, cash awards, performance awards or any combination of to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for DTE stockholders to understand how many participants there are in the Plan.

12. Because Proposal 4 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

3

    (a)    Plans subject to security holder action.

        (1)    Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

    13.    Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 4, under the heading Eligibility, tells stockholders the following:

> Participants
>
> Any employee of DTE Energy or an entity in which DTE Energy has a direct or indirect ownership or other equity interest ("Subsidiary") and any member of the Board, whether or not employed by DTE Energy or a Subsidiary, is eligible to participate if the plan administrator determines that the employee or director has contributed significantly, or may be expected to contribute significantly, to the profits or growth of DTE Energy or a Subsidiary. An eligible employee or director becomes a participant if he or she is selected to receive a LTIP award by the plan administrator.

Proxy Statement at 34.

    14.    The above paragraph describes merely the classes of persons, but not how many persons in each class.

    15.    Similarly, Proposal 4 fails to include the number of non-employee directors. This information is important for a shareholder especially since non-employee directors will be eligible to receive discretionary awards.

    16.    The Plan itself, annexed to the 2018 Proxy Statement as Exhibit A, also discusses eligibility. The Plan states that, "[e]xcept limited by Section 4.02, any employee of the Company or a Subsidiary (including an entity that becomes a Subsidiary after the adoption of this Plan) or any member of the Board, whether or not the Board member is employed by the

Company or a Subsidiary, is eligible to participate in this Plan if the Administrator, in its sole discretion, determines that the person has contributed significantly or can be expected to contribute significantly to the profits or growth of the Company or a Subsidiary." Proxy at A-5.

17. Nowhere in the 2018 Proxy Statement does DTE disclose the number of eligible persons. Moreover, according to the text of the Plan, the definition of "Subsidiary" is very broad:

> "Subsidiary" means a corporation, partnership, joint venture, limited liability company, unincorporated association, or other entity in which the Company has a direct or indirect ownership or other equity interest.

Proxy Statement at A-4.

18. Thus, it is entirely unclear from the 2018 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

19. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

20. The Plan allows for an additional 2,000,000 authorized shares of Common Stock to be available for awards immediately after the stockholder vote.

21. The preceding paragraphs state a direct claim for relief against DTE under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

22. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm on Proposal 4 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an additional 2,000,000 shares to be granted to an unknown number of "eligible participants"

5

immediately after this vote. Unwinding these awards would be impossible.

23. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 4.

24. Consequently, DTE should be enjoined from presenting Proposal 4 for a stockholder vote at the May 3, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any DTE shareholder in connection with Proposal 4 in the 2018 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining DTE from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any DTE shareholder in connection with Proposal 4 in the 2018 Proxy Statement;

(ii) presenting Proposal 4 for a shareholder vote at the May 3, 2018 annual meeting;

B. A preliminary and permanent injunction requiring DTE to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) and cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

C. Awarding such other and further relief as this Court deems just and proper.

Dated: March 9, 2018

                                          **WOLF HALEDNSTEIN ADLER**
                                          **FREEMAN & HERZ LLP**

                                          By: /s/ *Gloria Kui Melwani*
                                          Gloria Kui Melwani
                                          270 Madison Avenue

New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

*Attorneys for Plaintiff*